1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEHA GUPTA, | Case No. 5:23-cv-02032-FMO (SHK) |
| Plaintiff, | **ORDER DISMISSING ACTION** |
| v. | |
| HUNTER BIDEN, et al., | |
| Defendants. | |

On September 29, 2023, Plaintiff filed the instant Complaint. (ECF No. 1.) Plaintiff alleges that Defendants, who are public figures, have violated Plaintiff's privacy rights for several years by stalking and surveilling her. For example, Defendants allegedly have placed cameras throughout Plaintiff's apartment, harassed her on thousands of occasions, arranged for Uber drivers to harass her, followed her, tampered with her food, left objects in her apartment, left cockroaches on her bed and in her kitchen, tried to have her deported, bugged her phone and computer, and tried to destroy her reputation on social media. (ECF No. 1 at 2-5.) Plaintiff requests 50 million dollars in damages. (*Id*. at 5.)

"Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible,

foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 89 (1998) (quotation omitted). "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Levine*, 415 U.S. 528, 536 (1974) (internal citations and quotation marks omitted). When a claim is insubstantial, it is "so patently without merit that the claim requires no meaningful consideration." *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 975 (9th Cir. 2019).

Here, the Complaint requires no meaningful consideration because it is wholly insubstantial and obviously frivolous. Allegations of a similarly fantastic nature have been held not to present a substantial federal question, thereby depriving a federal court of jurisdiction to consider them. *See Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1007 (5th Cir. 2019) (holding that a district court lacked jurisdiction to consider a suit that was brought under "the 1795 Spanish Treaty with the Catholic Majesty of Spain and the 1800 French Treaty with the former Christian Majesty of France," named several world leaders as defendants, and alleged a monopoly of "intergalactic foreign trade"); *Tooley v. Napolitano*, 586 F.3d 1006, 1009-10 (D.C. Cir. 2009) (holding that a district court lacked jurisdiction to consider a plaintiff's allegations of "a massive surveillance operation against him" after his telephone conversation with an airline representative, and collecting similar cases of "patent insubstantiality"); *Grady v. United States Government*, 702 F. App'x 929, 930 (11th Cir. 2017) ("[The] allegations—that the government employed surveillance specialists to harass him while he was in the library and at theaters; performed sting operations at local bars; used electromagnetic surveillance, cameras, and rooftop devices to monitor him;

and had a nurse act as a covert operative to implant a microchip in his ear—are so attenuated and unsubstantial as to be devoid of merit. . . . They were properly dismissed [for lack of jurisdiction]." Based on these persuasive authorities, the Complaint is dismissed for lack of a substantial federal question.

Finally, amendment of the Complaint is not warranted. The Complaint "does not suggest to [the Court] any respect in which [it] could be amended to state a substantial federal question," and the Court is "unable to imagine any." *Smith v. State of Cal.*, 336 F.2d 530, 534 (9th Cir. 1964); *see also Atakapa Indian de Creole Nation v. Edwards*, 838 F. App'x 124, 124-25 (5th Cir. 2021) (*per curiam*) (holding that a complaint lacking any "coherent argument" was properly dismissed for lack of jurisdiction as frivolous and without leave to amend, because "futility of any amendment here was readily apparent and justified by the record"). Because amendment would be futile, the Complaint is dismissed without leave to amend.

## ORDER

The action is dismissed without prejudice for lack of jurisdiction.

DATED: October 16, 2023

> _____/s/_____
> FERNANDO M. OLGUIN
> UNITED STATES DISTRICT JUDGE